Sarah Mellon Scaife v. Commissioner.
Scaife v. Commissioner
Docket No. 10369.
United States Tax Court
1947 Tax Ct. Memo LEXIS 248; 6 T.C.M. (CCH) 399; T.C.M. (RIA) 47095; April 17, 1947
William Wallace Booth, Esq., Joseph D. Hughes, Esq., and Donald A. Banks, C.P.A., 747 Union Trust Bldg., Pittsburgh, Pa., for the petitioner. Hobby H. McCall, Esq., and Stanley L. Drexler, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $64,302.05 in the gift tax of the petitioner for 1943. The only issue for decision is whether the Commissioner erred in increasing the value of 50,000 shares of Koppers United Company common stock from $1.65 as reported by the petitioner in her return to $4.20 per share. Findings of Fact The petitioner filed her gift tax return for 1943 with the collector of internal revenue for the 23rd district of Pennsylvania. The petitioner on December 16, 1943 transferred by gift 25,000 shares of *249 $1.00 par value common stock of Koppers United Company to trustees in trust for the benefit of Richard Mellon Scaife, and on the same date, transferred a like number of the same kind of shares in trust for the benefit of Cordelia Mellon Scaife. The petitioner reported the gifts in her gift tax return for 1943 at the value of $1.65 per share on the date of the gifts. The Commissioner, in determining the deficiency, held that the value of the shares of Koppers United Company common stock on December 16, 1943 was $4.20 per share. The value of 25,000 shares of Koppers United Company common stock on December 16, 1943 was $41,250. Opinion MURDOCK, Judge: The record does not show how the Commissioner arrived at the value of $4.20 per share which he used in determining the deficiency. He called, as a witness, a man who was employed as a valuation engineer by the Bureau of Internal Revenue. It does not appear that the witness had had anything to do with determining the value of $4.20 per share set forth in the notice of deficiency. He stated that in his opinion, as a result of his study of certain statistical data, the common stock of Koppers United Company was worth $5.59 per share *250 as of December 16, 1943. He explained in some detail how he had arrived at that value. His valuation was not based upon sales of the stock at or about the date of the gifts. 3,000,000 shares of that stock were outstanding at the time of these gifts. The stock was not listed or traded on any stock exchange in 1943. The petitioner proved that a number of sales of substantial blocks of this stock had been made, some in the summer of 1943 and others in the early spring of 1944. All of those sales were at $1.65 per share. The respondent argues that those sales do not indicate the true value of the stock because of the circumstances under which they were made. But the circumstances to which he points do not lead to his conclusion. The seller in each of those sales honestly endeavored to obtain the best prices which he could for the stock. There was no collusion in the sales. The sellers were not trying to make the sales to a limited group, but, on the contrary, were trying to find any purchaser who might be interested. They made reasonable efforts to find purchasers. There are no exceptional circumstances involved in those sales which deprive them of their evidentiary worth and they are *251 the best evidence in this case of the value of the stock at the time of the gifts. ; ; ; . Regulations 108, Sec. 86.19(c). However, all of the evidence in the case has been carefully considered in making the finding which decides the only issue in this proceeding. Decision will be entered under Rule 50.